161 So.2d 483

**Ex parte Ralph Leon GANDY.**

**6 Div. 68.**

Supreme Court of Alabama.

Feb. 20, 1964.

**280**

Ralph Leon Gandy, pro se.

Richmond M. Flowers, Atty. Gen., for respondent.

MERRILL, Justice.

Petitioner filed a petition for writ of mandamus in this court on January 16, 1964, asking us to order the Court of Appeals to act upon his petition filed in that court on November 10, 1963, for leave to file a writ of error coram nobis in the Circuit Court of Jefferson County.

The Court of Appeals having denied the petition filed in that court, the question here has become moot and the writ is denied.

We do not think that the bar is fully aware of the tremendous load that has been put on this court, the Court of Appeals and the circuits courts by convicted criminals in the state penitentiary. A new flood of petitions come to the state appellate courts as soon as copies of new decisions of the Supreme Court of the United States reach the penitentiary from the office of the clerk of that court. And once they file their petitions, they expect action without delay and, seemingly, are not willing for the Attorney General to be allowed time to answer the petitions.

Gandy, petitioner here, alleges that he was convicted of robbery and sentenced to ten years on February 14, 1961. He appealed to the Court of Appeals and the judgment was affirmed January 8, 1963. He petitioned for certiorari in this court and the writ was denied on February 21, 1963, and rehearing denied on April 4, 1963.

His petition for certiorari was denied by the Supreme Court of the United States on October 14, 1963, Gandy v. Alabama, 375 U.S. 863, 84 S.Ct. 130, 11 L.Ed.2d 89. During this time, he had filed a petition for habeas corpus in the circuit court and filed a petition for mandamus here on March 13, 1963, to compel the circuit court to act. This petition was denied by this court on April 4, 1963.

He also filed a petition for leave to file a petition for writ of error coram nobis. We dismissed because no appeal had been perfected in this court.

Next came his petition in the Court of Appeals, and being dissatisfied because that court did not act immediately, he filed the present petition for mandamus. Undoubtedly, we will next receive a petition for certiorari to review the action of the Court of Appeals.

We can understand the desire of convicts to get out of the penitentiary, and their impatience to hear from any of their many devices to get any court to order their release. Here, Gandy had different pro-

ceedings pending in two state courts and the Federal Supreme Court at the same time, and has already been in this court five times in proceedings arising out of the same case.

 Convicts have the right to file for post conviction remedies and they will not be denied these rights by this or any other Alabama court, but we will be very slow to grant writs of mandamus, because we know that the lower courts, as well as this court, are flooded with these petitions and the number is increasing all the time.

Other litigants who are not in prison and who have not gone all the way to the Federal Supreme Court also have cases in which they are interested and they also are entitled to have their causes considered. Similar sentiments were expressed by Judge Gewin of the Fifth Circuit Court of Appeals in the concluding paragraph of Allison v. Holman, 326 F.2d 294.

The petition for writ of mandamus is denied.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.