Canon 3.A(5), Canons of Judicial Ethics, states in part that "[a] judge should dispose promptly of the business of the court, being ever mindful of matters taken under submission." There is no question that Ronnie Lee Brown is entitled to a timely disposition of his case; however, timeliness can be a relative concept. The delay here appears to be the result of a backlog of Rule 32, Ala.R.Crim.P., petitions that have been filed in the Eighth Judicial Circuit. Both the State and the trial judge have represented to this Court that this backlog is being handled as expeditiously as practicable. This Court has been presented with no evidence of intentional or negligence-based delay on the part of either the State or the trial judge in disposing of this case and no evidence of a pattern or practice in the Eighth Judicial Circuit on the part of either the State or the trial judge of intentional or negligence-based delay with respect to the disposition of postconviction petitions generally. I fail to see any basis for, or logic in, issuing the writ of mandamus directing the trial judge to order the State to respond to Brown's petition or to dispose of Brown's petition "within a reasonable period of time" when there is no indication in the materials before this Court that the State is not responding to Rule 32 petitions in due course or that the trial judge is not already working diligently to dispose of the backlog of petitions "within a reasonable period of time." Moreover, a vague directive to the trial judge to act reasonably appears, to me at least, to serve little purpose. Many years ago, in Ex parte Gandy,276 Ala. 279, 281, 161 So.2d 483, 484 (1964), the Alabama Supreme Court noted what remains undeniably true today:
 "Convicts have the right to file for post conviction remedies and they will not be denied these rights by this or any other Alabama court, but we will be very slow to grant writs of mandamus, because we know that the lower courts, as well as this court, are flooded with these petitions and the number is increasing all the time."
See also Ex parte Wilson, 276 Ala. 281, 161 So.2d 484 (1964). Therefore, I respectfully dissent. *Page 92